# ORIGINAL

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
Chief, Major Crimes

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:  Les.Osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITE_          E
Dio..        _T COURT
              ....All

FJAN  5 2005

at 2 o'clock and 10 min M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00181SOM-02 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | |
| | ) | |
| CYNTHIA AGBAYANI, | ) | |
| | ) | Date:   January 5, 2006 |
| Defendant. | ) | Time:   2:15 p.m. |
| | ) | Judge:  Susan Oki Mollway |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal

Procedure, the UNITED STATES OF AMERICA, by its attorney, the

United States Attorney for the District of Hawaii, and the

Defendant, CYNTHIA AGBAYANI, and her attorney, Samuel P. King,

Jr., Esq., have agreed upon the following:

1.    Defendant acknowledges that she has been charged

in the Indictment in Counts 1-5 that allege violations of Title
18, United States Code, Sections 1344 and 2 (Bank Fraud), and in
Counts 6-12, with Money Laundering, in violation of Title 18,
United States Code, Sections 1957 and 2.

2.    Defendant has read the charges against her
contained in the Indictment, and those charges have been fully
explained to her by her attorney.

3.    Defendant fully understands the nature and
elements of the crimes with which she has been charged.

4.    Defendant will enter voluntary pleas of guilty
to Counts 1, 4, and 5 of the Indictment, which charge violations
of Title 18, United States Code, Sections 1344 and 2 (Bank
Fraud), and Count 6, which charges a violation of Title 18,
United States Code, Sections 1957 and 2 (Money Laundering).  The
Defendant also agrees that she, along with co-Defendant, Remy
Agbayani, shall forfeit the properties set out in Count 13 of the
Indictment.  The prosecution agrees to move to dismiss the
remaining counts of the Indictment as to Defendant after
sentencing.

5.    Defendant agrees that this Memorandum of Plea
Agreement shall be filed and become part of the record in this
case.

6.    Defendant enters these pleas because she is in
fact guilty of assisting in submitting a fraudulent loan

application to Old Republic Title and Escrow of Hawaii, Ltd., for the purposes of securing a loan from Wells Fargo Bank and its subsidiaries in connection with a "sham" sale of her residence, and of having attempted to launder the proceeds of that criminal activity by engaging in various subsequent deposits of the $715,325.51 in proceeds from that "sham" sale, as well as presenting a "NSF" (insufficient funds) check and a counterfeit check as payment on an Equity Line Loan, Counts 4-5.

7. Defendant understands that the penalties for the offenses to which she is pleading guilty include:

<u>As to Counts 1, 4, and 5</u>

a.  up to 30 years imprisonment and a fine of up to $1,000,000, plus a term of supervised release of at least three years but not more than five years,

<u>As to Count 6</u>

b.  up to ten years imprisonment and a fine of up to $250,000, plus a term of supervised release of not less than two years and not more than three years,

<u>As to All Counts</u>

c.  restitution as the Court may order but not more than $1,500,000,

In addition, the Court must impose a $100 special assessment as to the counts to which the Defendant is pleading guilty. Defendant agrees to pay $100 for the counts to which she is

pleading guilty to the District Court Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.  Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

Forfeiture as to Counts 1, 4,<br>and 6 as Set out in Count 13

    d. In addition, the Defendant is also responsible, along with her co-Defendant Remy Agbayani, pursuant to the provisions of Title 18, United States Code, Sections 982 and 1344, as set out in Counts 1 and 6, for the forfeitures described in Count 13, as well as being solely responsible for the forfeitures based on Count 4, as set out in Count 13, these forfeitures include:

Forfeiture as to Count 1

    i. A sum of money equal to $725,325.51 representing the proceeds of the offense set out in Count 1;

    ii. The fee simple interest in the real property located at 648 Moaniala Street in Honolulu, Hawaii, titled in the name of Tyna Lynn Chang, an alias used by Defendant CYNTHIA AGBAYANI.

    iii. A sum of money equal to $243,050.26 in United States currency, seized from American Savings

4

Bank checking account (No. 8000394051) and savings

account (No. 3001034918), held in the Defendant's name.

### Forfeiture as to Count 4

e.    As a result of committing the offense alleged

in Count 4, Defendant CYNTHIA AGBAYANI shall forfeit to the

United States, pursuant to 18 U.S.C. § 982(a)(2)(A), all property

constituting, or derived from, proceeds Defendant CYNTHIA

AGBAYANI obtained as the result of the violation set out in Count

4, including but not limited to the following:

i.    A sum of money equal to $275,000,

the proceeds obtained by the Defendant CYNTHIA AGBAYANI

as a result of the offense listed in Count 4.

### Forfeiture as to Count 6

(f)  As a result of committing the offense set out

in Count 6 of the Indictment, the Defendant CYNTHIA AGBAYANI and

co-Defendant Remy Agbayani shall forfeit to the United States,

all property, real or personal, involved in such offense or

traceable to such property, including but not limited to the

following:

i.    $715,325.51 in United States

currency.

ii.    The fee simple interest in the real

property located at 648 Moaniala Street, Honolulu,

Hawaii, titled in the name of Tyna Lynn Chang, an alias

used by the Defendant CYNTHIA AGBAYANI.

5

(g)   If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

i.   cannot be located upon the exercise of due diligence;

ii.  has been transferred or sold to, or deposited with, a third person;

iii. has been placed beyond the jurisdiction of the court;

iv.  has been substantially diminished in value; or

v.   has been commingled with other property which cannot be subdivided without difficulty, the Defendant agrees the United States may seek to forfeit other property up to the value of the above forfeitable property pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b) and 26 U.S.C. § 2164(c).

8.   Defendant agrees to immediately and voluntarily forfeit to the United States the properties which are described in paragraphs 7(d) through (g) of this Agreement, and to take all necessary actions to expeditiously implement this forfeiture and to pass clear title for said properties to the United States. These actions on Defendant's part include, but are not limited to, surrender of title, and the signing of a Preliminary Order of

6

Forfeiture, a Final Order of Forfeiture, and any other relevant documents necessary to effect transfer of title to the United States.

Defendant represents and warrants to the government that she has no interest, either direct or indirect, whether held in her own name, or in the name of another person or entity, in any other property, real or personal, or in any other asset that would be subject to forfeiture on the basis of violations covered by this Agreement. Defendant further represents and warrants that she currently possesses no interest in assets which could satisfy the substitute asset portion of the Indictment. Defendant understands and acknowledges that the government is relying upon Defendant's representations in entering into this Agreement.

Further, Defendant agrees that the forfeiture of the properties described in paragraphs 7(d) through (g) of this Agreement shall not be treated as satisfaction of any fine, reimbursement of cost and imprisonment, or any other monetary penalty this Court may impose upon Defendant in addition to the forfeiture.

9. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charges to which Defendant is pleading guilty:

a.   At all times material to this indictment,
Northwest Mortgage and Wells Fargo Home Mortgage, both operated
in Honolulu, Hawaii, and were subsidiaries of Wells Fargo
National Bank Association ("Wells Fargo Bank").  Wells Fargo Bank
and American Savings Bank, also operating in Honolulu, were
insured by the FDIC.

b.   On or about January 2000, the Defendant
decided to sell the property located at 174 Kokololio Place,
Honolulu, Hawaii, that she and her husband owned, to Romulo
Morales, for the purpose of obtaining money from a federally
insured bank, Wells Fargo, based on materially false
representation to that bank's subsidiary in connection with the
loan application which the Defendant knew would be a "sham"
transaction.

c.   The Defendant, along with co-Defendant Remy
Agbayani, her husband, assisted co-Defendant Romulo Morales in
obtaining a mortgage loan.  The Defendant advanced monies from
her own personal account to make it appear that Morales was
capable of making a down payment on the property.  She also
assisted by seeing that co-Defendant Romulo Morales was dressed
appropriately for the escrow closing meeting held at Old Republic
Title and Escrow of Hawaii, Ltd., in Honolulu, where co-Defendant
Romulo Morales signed materially false closing documents
including a final loan application.

8

d.    Some of the monies realized from the "sham" sale described here were deposited into an account in the name of a Reanne N. Agbayani in the amount of $243,050.26, which were seized by the United States.  The Defendant CYNTHIA AGBAYANI used approximately $135,000 realized from the "sham" sale described here to purchase real estate at 648 Moaniala Street, Honolulu, Hawaii, in the name of Tyna Lynn Chang, which was an alias used by her in this transaction.

<u>As to Count 4</u>

e.    On or about February 28, 2001, the Defendant made two payments on her Equity Line Loan (Account No. 451-4333853) at Wells Fargo Bank, totaling $300,000 in the form of two checks.  The second check was made payable to Cynthia Agbayani in the amount of $275,000 and purported to be drawn on American Savings Bank.  This $275,000 check was endorsed to Wells Fargo by the Defendant, even though it was drawn on an account the Defendant knew did not have funds to guarantee payment and was materially false.

f.    The Defendant made this fraudulent payment for the purpose of allowing her to obtain an additional advance on the Equity Line Loan which was exhausted prior to the bogus payments described in paragraph 7(d).

g.    On March 13, 2001, in the District of Hawaii, the Defendant obtained an additional advance of $275,000 on her

Equity Line Loan at Wells Fargo Bank, which would not have been forthcoming had the Bank realized they had received payment from an account without sufficient funds to cover the check.

### As to Count 5

h.   On July 5, 2001, in the District of Hawaii, the Defendant CYNTHIA AGBAYANI attempted to make a payment in the amount of $11,826.62 to her Wells Fargo Equity Line Loan by presenting a counterfeit American Savings Bank check drawn on a nonexistent account as the Defendant well knew.

### As to Count 6

i.   On July 21, 2000, as the Defendant CYNTHIA AGBAYANI well knew, her husband, Remy Agbayani used funds from the "sham" sale of her and her husband's Kokololio Place property to purchase a cashier's check for $715,325.51.

j.   The Defendant knew that her husband and co-Defendant purchased that $715,325.51 cashier's check for the purpose of hiding the ultimate destination of the proceeds of the "sham" sale of their Kokololio Place property into her personal account, which allowed this Defendant to deposit the cashier's check proceeds into various other accounts also under her exclusive dominion and control.

k.   The Defendant CYNTHIA AGBAYANI used approximately $135,000 realized from the "sham" sale described here to purchase real estate at 648 Moaniala Street, Honolulu,

Hawaii, in the name of Tyna Lynn Chang, which was an alias used by her in this transaction.

10.   Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

11.   There are no further agreements pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines other than as those set forth in paragraph 8 hereof.

12.   The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

13.   Pursuant to Section 6B1.4 of the Sentencing Guidelines, there are no facts in dispute.

14.   The Defendant is aware that she has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence

11

within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a.    The Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that Defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.    If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of her sentence in a collateral attack.

c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

15.    The Defendant understands that the District Court

12

in imposing sentence will consider the provisions of the
Sentencing Guidelines.  The Defendant agrees that there is no
promise or guarantee of the applicability or nonapplicability of
any Guideline or any portion thereof, notwithstanding any
representations or predictions from any source.

16.  The Defendant understands that this Agreement will
not be accepted or rejected by the Court until there has been an
opportunity by the Court to consider a presentence report, unless
the Court decides that a presentence report is unnecessary.  The
Defendant understands that the Court will not accept an agreement
unless the Court determines that the remaining charges adequately
reflect the seriousness of the actual offense behavior
and accepting the agreement will not undermine the statutory
purposes of sentencing.

17.  Defendant understands that by pleading guilty she
surrenders certain rights, including the following:

a.  If Defendant persisted in a plea of not guilty
to the charges against her, she would have the right to a public
and speedy trial.  The trial could be either a jury trial or a
trial by a judge sitting without a jury.  The Defendant has a
right to a jury trial.  However, in order that the trial be
conducted by the judge sitting without a jury, the Defendant, the
prosecution and the judge all must agree that the trial be
conducted by the judge without a jury.

b.  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the Defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant.  Defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on her own behalf.  If the witnesses for the Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

e.  At a trial, the Defendant would have a

14

privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

18.   Defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

19.   Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

20.   Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

// //

// //

// //

// //

// //

// //

// //

15

21.  Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED:  Honolulu, Hawaii, _____12/29/05_____.

AGREED:


EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

RONALD G. JOHNSON
Chief, Major Crimes


LESLIE E. OSBORNE, JR.
Assistant U.S. Attorney


CYNTHIA AGBAYANI
Defendant


SAMUEL P. KING, JR., ESQ.
Attorney for Defendant


16