AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 0 1 2006

SUE BEITIA, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**CYNTHIA AGBAYANI** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: 1:04CR00181-002<br>USM Number: 55224-022<br>Samuel King, Jr.<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔]   pleaded guilty to counts: 1, 4, 5, 6, and 13 of the Indictment .
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See next page. | | | |

    The defendant is sentenced as provided in pages 2 through _10_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]   Counts _2, 3, 7 - 12 of the Indictment_ are dismissed on the motion of the United States.

    It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

JULY 24, 2006
Date of Imposition of Judgment

/s/ Susan Oki Mollway
Signature of Judicial Officer

**SUSAN OKI MOLLWAY**, United States District Judge
Name & Title of Judicial Officer

7/28/06
Date

AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

CASE NUMBER: 1:04CR00181-002
DEFENDANT: CYNTHIA AGBAYANI

Judgment - Page 2 of 10

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1344 and 2 | Bank fraud | 7/18/00 | 1 |
| 18 USC 1344 | Bank fraud | 2/28/01 | 4 |
| 18 USC 1344 | Bank fraud | 7/5/01 | 5 |
| 18 USC 1957 and 2 | Engaging in monetary transactions in property derived from specific unlawful activity | 7/21/00 | 6 |
| 18 USC 982, 1344 and 1957 | Criminal forfeiture | | 13 |

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

CASE NUMBER: 1:04CR00181-002      Judgment - Page 3 of 10
DEFENDANT: CYNTHIA AGBAYANI

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of THIRTY THREE (33) MONTHS .

This term consists of THIRTY THREE (33) MONTHS as to each of Counts 1, 4, 5, and 6, such terms to run concurrently.

[✔]  The court makes the following recommendations to the Bureau of Prisons:
1) FDC Honolulu; 2) Mental Health Treatment; 3) Medical Treatment.

[✔]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


                                                       UNITED STATES MARSHAL

                              By _____
                                                       Deputy U.S. Marshal

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

CASE NUMBER: 1:04CR00181-002
DEFENDANT: CYNTHIA AGBAYANI

Judgment - Page 4 of 10

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>FIVE (5) YEARS</u>. This term consists of FIVE (5) YEARS as to each of Counts 1, 4, and 5 and THREE (3) YEARS as to Count 6, such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

CASE NUMBER:      1:04CR00181-002
DEFENDANT:        CYNTHIA AGBAYANI

Judgment - Page 5 of 10

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2. That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

3. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4. That the defendant shall report all prescription medications within 24 hours of being prescribed by a physician and provide a copy of such prescription to the U.S. Probation Office.

5. That the defendant shall sign a special medical waiver authorizing all of her physicians to disclose confidential medical information to the U.S. Probation Office.

6. That the defendant shall provide to the Probation Office a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all sources and amounts of income and all expenses of the defendant and any business owned, in whole or in part, by the defendant.

7. That the defendant shall notify the Probation Office of any contemplated employment and shall obtain approval from the Probation Office for all employment. Unless the defendant is self-employed, she may not be employed in any capacity wherein she has custody, control, or management of her employer's funds.

8. That the defendant, however employed, shall not have access to other person's personal information an/or documentation containing personal information, including social security number, date of birth, address, financial and/or credit card account numbers, as directed by the Probation Office.

9. That the defendant shall provide the Probation Office with access to any and all business records, client lists and other records, pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Office.

10. That the defendant shall submit to Voluntary Payroll Deduction at the discretion and direction of the Probation Office.

11. That the defendant shall maintain a single personal bank account, separate and apart from her husband, any family member or others, into which all income, financial proceeds, and gains shall be deposited and from which all expenses shall be paid.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

CASE NUMBER:      1:04CR00181-002  
DEFENDANT:        CYNTHIA AGBAYANI

Judgment - Page 6 of 10

12. That the defendant use her true, legal name, Cynthia Anna Agbayani, unless her name is legally changed, and use her assigned social security number for any purpose, personal, business or otherwise.

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER: 1:04CR00181-002
DEFENDANT: CYNTHIA AGBAYANI

Judgment - Page 7 of 10

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 400.00 | $ | $ 1,004,973.78 |

[ ]  The determination of restitution is deferred until   . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ]  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee (As to Counts 4 and 5) | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Wells Fargo Bank 2535 N. Tustin St. Orange, CA 92865 Attn: Dick Nolan |  | $628,973.78 |  |
| **TOTALS** | $ __ | $ 1,004,973.78 |  |

[ ]  Restitution amount ordered pursuant to plea agreement   $ __

[ ]  The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ]   the interest requirement is waived for the     [ ] fine    [ ] restitution

   [✔]   the interest requirement for the    [ ] fine    [✔] restitution is modified as follows:

   Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:        1:04CR00181-002                                          Judgment - Page 8 of 10
DEFENDANT:          CYNTHIA AGBAYANI

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [ ]  Lump sum payment of $ _ due immediately, balance due
        [ ]  not later than _ , or
        [ ]  in accordance     [ ] C,   [ ] D,   [ ] E, or   [ ] F below, or

B  [✔]  Payment to begin immediately (may be combined with    [ ] C,   [ ] D, or   [ ] F below); or

C  [ ]  Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D  [ ]  Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [✔]  Special instructions regarding the payment of criminal monetary penalties:
        That restitution totaling $1,004,973.78 is due immediately and owed to Wells Fargo Bank, 2535 N. Tustin St., Orange, CA 92865, Attn: Dick Nolan. Of this amount, $376,000 is to be paid jointly and severally with codefendants Romulo Morales and Remy Agbayani. To the extent that the forfeited proceeds are returned to the victim after Judgment is entered, the Probation Office shall reduce the amount of restitution by the amount that was returned to the victim. Any remaining balance owed upon release from confinement shall be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✔]  Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate. See Next Page

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[✔]  The defendant shall forfeit the defendant's interest in the following property to the United States:
     1. A sum of money equal to $725,325.51 in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Count 1, for which defendants are jointly and severally liable;

     2. $378,915.25 in United States currency, being the net proceeds from the sale of the fee simple interest in the real property located at 648 Moaniala Street in Honolulu, Hawaii, titled in the name of Tyna Lynn Chang, an alias used by defendant Cynthia Agbayani, and more specifically identified as Tax Map Key No. (1) 3-7-022-005, together with all improvement, appurtenances, fixtures, attachments and easements;

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:      1:04CR00181-002                                                    Judgment - Page 9 of 10
DEFENDANT:        CYNTHIA AGBAYANI

3. $243,050.26 in United States currency seized on September 16, 2003, and September 22, 2003, from American Savings Bank checking account (No. 80000394051) and savings account (No. 3001034918), both held in the name of Reanne N. Agbayani; and

4. A sum of money equal to $275,000.00 in United States currency, representing the amount of proceeds obtained by defendant Cynthia Agbayani as a result of the offense listed in Count 4.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 6A - Schedule of Payments

CASE NUMBER: 1:04CR00181-002  Judgment - Page 10 of 10
DEFENDANT: CYNTHIA AGBAYANI

ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| (As to Counts 4 and 5) | | | |
| 1:04CR00181-01 Remy Agayani | $376,000.00 | $376,000.00 | |
| 1:04CR00181-02 Cynthia Agbayani | $376,000.00 | $376,000.00 | |
| 1:04CR00181-03 Romulo Morales | $376,000.00 | $376,000.00 | |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.